UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 14-154 |
| RODNEY MACK | SECTION: "J"(1) |

### ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 814)** filed by Defendant, Rodney Mack, and an opposition thereto (Rec. Doc. 820) filed by the Government. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND[1]

On December 11, 2004, Defendant was convicted of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. Section 841(a)(1), (b)(1)(A), all in violation of 21 U.S.C. Section 846. (Rec. Doc. 161). Subsequently, this Court sentenced Defendant to 120 months of imprisonment. (Rec. Doc. 279). Defendant has served approximately 80 months of that sentence and is currently housed at Pensacola FPC with a projected release date in May of 2022. *See* https://www.bop.gov/inmateloc/. On September 28, 2020, Defendant's motion for compassionate release was filed into the record.

---

[1] Facts taken from the Government's Opposition (Rec. Doc. 820).

## DISCUSSION

As an antecedent matter, it is undisputed that Defendant has satisfied the procedural requirements necessary to bring a compassionate release motion on his own behalf. § 3582(c)(1)(A). Because Defendant's motion for compassionate release is properly before the Court, the Court must determine whether Defendant has met his burden of proving he is entitled to a sentence reduction under § 3582(c)(1)(A). *See United States v. Jones,* 836 F.3d 896, 899 (8th Cir. 2016) (the movant bears the burden of proving he is entitled to a sentence reduction). A defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[he] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. These requirements derive from the Sentencing Commission's Policy Statement ("Policy Statement") on sentencing reductions under § 3582(c)(1)(A).

The Policy Statement further clarifies that "extraordinary and compelling reasons" encompasses only small, specific sets of circumstances. U.S.S.G. § 1B1.13, cmt. n.1(A). Namely, there are three recognized circumstances that may facilitate an inmate's early release: "(a) 'a medical condition'—specifically, 'a terminal illness' or a condition that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover'; (b) 'age'—starting at age 65; and (c) 'family

circumstances.'" *United States v. Calogero,* 2020 U.S. Dist. LEXIS 98466, at *3 (E.D. La. Apr. 14, 2020) (Vance, J.) (internal citation omitted).[2]

Defendant argues that he should be released because could develop a medical condition that could put him at a higher risk of becoming severely ill if exposed to COVID-19. Although the risk caused by COVID-19 is relevant, that risk is not dispositive when deciding whether to grant compassionate release. In fact, the Eastern District of Louisiana has consistently held that the generalized risk to inmates posed by COVID-19 is insufficient to satisfy the "extraordinary and compelling" standard required to warrant compassionate release. *See, e.g., United States v. Deville*, No. CR 15-293, 2020 WL 4471525, at *2 (E.D. La. Aug. 4, 2020) (Zainey, J.) ("[T]he fear of a communicable disease does not warrant a sentence modification.") (quotation marks and brackets omitted); *United States v. Wilfred*, No. CR 07-351, 2020 WL 4365531, at *5 (E.D. La. July 30, 2020) (Africk, J.) ("Wilfred has alleged only general concerns that the fact of being in a carceral setting raises the risk of COVID-19 infection. Numerous courts have concluded that such broad allegations do not warrant a sentence reduction under § 3582.") (footnote omitted); *United States v. Curry*, No. CR 10-111, 2020 WL 4201646, at *2 (E.D. La. July 22,

---

[2] The Court notes that there is some dispute over whether the Sentencing Commission's Policy Statement remains binding in light of the statutory changes enacted by the First Step Act. *See Dillon v. United States,* 560 U.S. 817, 830 (2010) (holding that the Policy Statement is binding when evaluating sentence reduction requests under Section 3582); *cf. United States v. Perdigao*, No. 2:07-cr-00103 (E.D. La. Apr. 2, 2020) (Doc. No. 237 at 5) (finding that the policy statement is no longer dispositive). The Court finds it is not necessary to decide this issue at this time, as, at the very least, the Policy Statement remains instructive. *See United States v. LeBlanc,* 2020 WL 2331690 (E.D. La. May 11, 2020); *Perdigao*, No. 07-cr-103 (although not dispositive, the Policy Statement remains instructive.).

2020) (Vance, J.) ("At the heart of Curry's request is a generalized fear of COVID-19. He argues that if, 'hypothetically,' were he to contract the virus, he would be 'finished.' A generalized fear of the virus, by itself, does not justify release.") (footnote omitted). Instead, a motion for compassionate release must be evaluated along with the CDC medical risk factors affecting the likelihood of severe outcomes if the inmate is infected with COVID-19.[3]

Defendant argues that he should be released because he is at higher risk of severe illness from COVID-19 due to being: (1) genetically susceptible to developing high blood pressure and diabetes; and (2) African American. Defendant has failed to allege that he currently suffers from any medical conditions. Defendant's concerns that he is genetically predisposed to develop medical conditions in the future are insufficient to demonstrate "extraordinary and compelling circumstances." Further, the fact that Defendant is African American is also not an extraordinary reason justifying compassionate release. *See United States v. Brown*, No. CR 13-243, 2020 WL 2542899, at *3 (E.D. La. May 19, 2020) (Vance, J.) ("[The defendant] argues for release on account of her allegedly increased risk of contracting COVID-19 based on her age, race, and gender. Even if these individual characteristics were to make her more likely to contract COVID-19, these factors do not correspond to the types of extraordinary reasons this Court must consider before granting compassionate release."). Therefore, Defendant's argument that he should

---

[3] *See* Center for Disease Control, *People with Certain Medical Conditions*, (September 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

be granted compassionate release based on the generalized threat posed by COVID-19, his alleged genetic predispositions that could lead him to eventually suffer from diabetes and high blood pressure, and his race must fail.

Defendant also argues that he should be released to care for his elderly grandmother, who allegedly suffers from diabetes, high blood pressure, and arthritis, and his mother, who allegedly suffers from similar medical conditions. Family circumstances can only justify compassionate release in extreme situations, such as the incapacitation or death of the caregiver of a minor child. *See, e.g., United States v. Ellis*, No. CR 15-124, 2020 WL 5073562, at *3 (E.D. La. Aug. 26, 2020) (denying compassionate release for family circumstances where the caregiver of the defendant's minor child suffered from various serious medical conditions but was not incapacitated); *United States v. Sam*, No. CR 17-83, 2020 WL 3415771, at *3 (E.D. La. June 22, 2020) (denying compassionate release for family circumstances where the mother of the defendant's children contracted COVID-19 twice but no evidence was provided that the mother was incapacitated or that there were no other caregivers available). Further, this Court has specifically held that the need to care for elderly parents is not an "extraordinary" circumstance under the First Step Act. *See United States v. Suluki*, No. CR 17-221, 2020 WL 4816110, at *2 (E.D. La. Aug. 19, 2020) (Barbier, J.) ("Unfortunately, the Guidelines do not contain any provision for compassionate release to care for a parent, so the Court is unable to grant Suluki's request on this basis."). Therefore, Defendant has not shown family circumstances that warrant the granting of compassionate release.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Compassionate Release* **(Rec. Doc. 65)** is **DENIED**.

New Orleans, Louisiana, this 23rd day of October, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE